IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

LAVERNE BLACKWELL,                )
        Plaintiff,                )
                                  )
    v.                            )    Civil Action No. 04-0902
                                  )
JOHN W. SNOW, SECRETARY,          )
DEPARTMENT OF TREASURY,           )
        Defendant.                )

MEMORANDUM

Gary L. Lancaster,
District Judge.                              July 22, 2005

    This is a case in employment discrimination.  Plaintiff,

Laverne Blackwell, alleges that defendant, the Secretary of the

Department of Treasury, terminated her from her position of

customer service representative at the IRS call center in

Pittsburgh due to her age, and/or in retaliation for making

allegations of discrimination against her employer.  Plaintiff

also alleges that she was discriminated against on the basis of

her race because she was not given access to information relating

to available promotions.  Plaintiff claims that these actions

violated Title VII of the Civil Rights Act of 1964 and the Age

Discrimination in Employment Act.  She seeks actual damages,

punitive damages, and fees and costs.

    Plaintiff has filed a motion to compel production of

documents and answers to interrogatories [doc. no. 12] alleging

that defendant has failed to adequately respond to various

discovery requests.  For the reasons set forth below, the motion
will be denied.

I.    <u>TIMELINESS</u>

Defendant served responses to plaintiff's Third Set of
Requests for Admissions and Fourth Request for the Production of
Documents on May 16, 2005, the discovery cut-off date.
Plaintiff's motion, in part, seeks to compel responses to those
two sets of requests.  The remainder of plaintiff's motion seeks
to compel responses to plaintiff's Fourth Set of Interrogatories,
which were served on defendant after the discovery cut-off date.
For the following reasons, we find that the motion is untimely.

A.    <u>Admissions and Request for Production of Documents</u>

The discovery period in this case ended on May 16, 2005.
On that date, defendant served its responses to plaintiff's Third
Set of Requests for Admissions and Fourth Request for the
Production of Documents.  Plaintiff immediately contacted
defendant regarding alleged deficiencies in the responses.  The
parties apparently conferred about the issues in dispute for
several weeks, with defendant making a supplement response to the
requests on June 1, 2005.  However, any efforts to resolve the
outstanding discovery disputes ended on June 3, 2005 when

2

defendant sent a letter to plaintiff outlining its final position on the issues.  Plaintiff did not file its motion to compel until June 30, 2005, almost a month later.

Although four weeks is not an inordinate amount of time to wait to file a motion, given the circumstances, we find that, in this case, it was unreasonable.  The discovery period had already ended when the dispute regarding the adequacy of defendant's responses arose.  The parties conferred regarding their discovery dispute for more than two weeks before defendant set forth its final position on the matter in a June 3, 2005 letter.  We have been presented with no indication that negotiations occurred after that date.  Plaintiff waited almost a month after defendant's June 3, 2005 letter, and more than six weeks after defendant served its allegedly inadequate discovery responses to file the motion to compel.  Plaintiff has provided no explanation for the delay.[1]  Given that the discovery period had ended and deadlines related to pre-trial statements and summary judgment motions were approaching, we find that plaintiff waited an unreasonable amount of time to file her motion to compel.

---

[1]   We note that during this time period, plaintiff was able to meet the deadline for filing her pre-trial statement.

3

B.   Interrogatories

On May 20, 2005, plaintiff received a response to a subpoena for documents issued to a non-party.  The documents included with the response included notes of several meetings between a union representative and the manager of the IRS call center in Pittsburgh.  On June 3, 2005, plaintiff served her Fourth Set of Interrogatories on defendant seeking information related to the meetings referenced in those notes.  These interrogatories were served after the discovery cut-off date.  In addition, plaintiff had already exceeded her allotted number of interrogatories under Rule 33.  Fed. R. Civ. P. 33(a).  Plaintiff did not seek an order extending the discovery period to allow service of these interrogatories.  Nor did she seek permission to propound interrogatories that exceeded the limits set forth in the Federal Rules of Civil Procedure.  Nor has she provided any explanation as to why the subpoena response was delayed until after the close of discovery.  Although it is quite possible that plaintiff timely issued the subpoena, but that the non-party delayed in responding, we have no way of knowing that.  Under the circumstances, plaintiff cannot now seek the assistance of this court in compelling responses to the interrogatories.

4

II.   <u>CONCLUSION</u>

     Because plaintiff's motion to compel is untimely, it is denied.  An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

LAVERNE BLACKWELL,                    )
          Plaintiff,                  )
                                      )
          v.                          )    Civil Action No. 04-0902
                                      )
JOHN W. SNOW, SECRETARY,              )
DEPARTMENT OF TREASURY,               )
          Defendant.                  )

ORDER

Therefore, this 22 day of July, 2005, IT IS HEREBY ORDERED that plaintiff's motion to compel [doc. no. 12] is DENIED.

Defendant's motion to modify the case management order [doc. no. 15] is DENIED.

Defendant's pre-trial statement shall be due within 14 days of the entry of this order on the court's docket.  Motions for summary judgment, if appropriate, shall be filed no later than 30 days after the entry of this order on the court's docket. Responses in opposition shall be due no later than 30 days after the filing of the motion for summary judgment.  Any reply to a response in opposition shall be filed no later than 15 days after the filing of the response in opposition.

AO 72A
(Rev.8/82)

The remaining dates contained within this court's January 18, 2005 Case Management Order [doc. no. 6] shall not be altered by this order.

BY THE COURT:

_____, J.

cc:   All Counsel of Record

7

AO 72A
(Rev.8/82)