IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

LAVERNE BLACKWELL,                  )
        Plaintiff,                  )
                                    )
        v.                          )   Civil Action No. 04-0902
                                    )
JOHN W. SNOW, Secretary,            )
Department of Treasury,             )
        Defendant.                  )

MEMORANDUM ORDER

Gary L. Lancaster,
District Judge.                                 November 18, 2005

     This is an action in employment discrimination.  Plaintiff,

Laverne Blackwell, alleges that defendant, John Snow, Secretary

of the Department of Treasury, discriminated against her on the

basis of her race and age and retaliated against her due to her

initiation of EEO counseling, in violation of Title VII of the

Civil Rights Act of 1964 and the Age Discrimination in Employment

Act, 42 U.S.C. § 2000e, et seq. and 29 U.S.C. § 621 et seq.

Plaintiff seeks lost wages, compensatory and punitive damages,

and attorneys' fees.  Defendant has filed a motion for summary

judgment under Fed. R. Civ. P. 56(c) arguing that plaintiff

cannot prove a prima facie case of race discrimination, age

discrimination, or retaliation.  For the reasons that follow, the

motion will be denied.

Fed. R. Civ. P. 56(c) provides that summary judgment may be granted if, drawing all inferences in favor of the non-moving party, "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986) (internal quotation marks omitted).

The mere existence of some factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment. Id. at 247-48. A dispute over those facts that might affect the outcome of the suit under the governing substantive law, i.e., the material facts, however, will preclude the entry of summary judgment. Id. at 248. Similarly, summary judgment is improper so long as the dispute over the material facts is genuine. In determining whether the dispute is genuine, the court's function is not to weigh the evidence or to determine the truth of the matter, but only to determine whether the evidence of record is such that a reasonable jury could return a verdict for the nonmoving party. Id.

It is on this standard that the court has reviewed defendant's motion and plaintiff's response thereto. Based on the pleadings and evidence of record the court concludes, as a matter of law, that there remains a genuine dispute over material

2

facts which precludes summary judgment in this matter. Specifically, there are disputes in the evidence regarding whether and why defendant subjected plaintiff to an unusual level of monitoring and performance reviews, and why defendant placed three identical performance reviews in plaintiff's file, which allegedly spanned a six month period of observation. Although we find, as defendant contends, that many of plaintiff's allegations are based on little more than plaintiff's speculation and conjecture, plaintiff has produced sufficient evidence to overcome summary judgment. This matter must be submitted to a fact finder for resolution of these, and other, factual disputes, and for determinations of credibility.

Accordingly, this 18th day of November, 2005, upon consideration of defendant's motion for summary judgment [doc. no. 21], IT IS HEREBY ORDERED that defendant's motion is DENIED.

BY THE COURT:

_____, J.

cc:    All Counsel of Record

3