```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE WESTERN DISTRICT OF PENNSYLVANIA

LAVERNE BLACKWELL,           )
        Plaintiff,           )
                             )
        v.                   )    Civil Action No. 04-0902
                             )
JOHN W. SNOW, Secretary,     )
Department of Treasury,      )
        Defendant.           )
```

OPINION

Gary L. Lancaster,
District Judge.                                January 27, 2006

This is an action in employment discrimination. Plaintiff, Laverne Blackwell, alleged that defendant, John Snow, Secretary of the Department of Treasury, discriminated against her on the basis of her race and age and retaliated against her, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq., and the Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq. Plaintiff sought lost wages, compensatory and punitive damages, and attorneys' fees.

A jury trial commenced on January 9, 2006, with the jury sitting as an advisory jury on the ADEA claims against the government. Fed. R. Civ. P. 39(c); see Order, dated February 7, 2005. On January 19, 2006, the jury returned its verdict, finding in favor of defendant on all counts. The Court is now prepared to set forth its findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure, and render its judgment.

I.  FINDINGS OF FACT

   The following facts are not in dispute:

1. Plaintiff, Laverne Blackwell, was born on November 23, 1936.
2. On November 6, 2000, defendant hired Ms. Blackwell as a full-time, seasonal customer service representative in the Internal Revenue Service's call center in Pittsburgh, Pennsylvania. Ms. Blackwell was subject to a one year probationary period.
3. Ms. Blackwell was 63 at the time defendant hired her.
4. A customer service representative ("CSR") is responsible for answering phone calls from taxpayers who call the IRS's toll-free telephone system seeking assistance.
5. Ms. Blackwell received approximately seven weeks of classroom training regarding the CSR position.
6. The classroom training consisted of courses and workshops in various tax related areas, and training in research and customer service.
7. Ms. Blackwell attended most of the classroom training sessions and passed all written tests given during the classroom training period.
8. A several week period of On the Job Instruction ("OJI") followed the classroom training period.

The following facts are in dispute, and the Court finds, by a preponderance of the evidence, as follows:

9. Ms. Blackwell received a copy of the Probe and Response Guide prior to the OJI period, as well as instruction on how to use the Guide when answering taxpayer questions.

10. During the OJI period probationary CSR's field taxpayer phone calls, with assistance when, and if, needed from trainers who roam the call center floor. These trainers help multiple CSR's during the course of a day.

11. Ms. Blackwell was present during most of the OJI period.

12. During the OJI period, Ms. Blackwell sat in close proximity to the other members of her training group, and within the area monitored by the roaming OJI trainer. She was not separated from her training group, or isolated such that she could not receive assistance from the roaming trainer if she requested it.

13. OJI is not intended to be one-on-one instruction between trainer and probationary CSR.

14. Nevertheless, Ms. Blackwell received one-on-one instruction during the OJI period.

15. All probationary CSR's are monitored and reviewed during the OJI period, and thereafter. Such review is necessary and appropriate as management must decide within the one year probationary period whether to retain a probationary CSR.

16. Ms. Blackwell did not receive excessive, fabricated, or unfair performance reviews during her tenure with the IRS.

17. Ms. Blackwell's performance reviews reflected that she was struggling with the CSR position and was not meeting the majority of the critical job elements for the position.
18. Ms. Blackwell was told on July 2, 2001 that her performance was unsatisfactory and, absent improvement, she would be terminated.
19. On July 27, 2001, Ms. Blackwell was notified that she would be terminated effective August 6, 2001.
20. Ms. Zielinski, a woman in her twenties, and a member of Ms. Blackwell's training group, was retained.
21. Defendant's decisionmaker was not aware of the fact that Ms. Blackwell had sought the assistance of the IRS's EEO Counselor until after the decision to terminate her had been made.
22. Defendant's decisionmaker received Ms. Blackwell's letter, complaining of discrimination based on, among other things, age, after the decision to fire her had been made.
23. Ms. Blackwell was terminated due to poor performance.
24. No credible evidence supported Ms. Blackwell's contention that IRS management and her union representative had a meeting to discuss her "retention due to age."
25. No credible evidence supported Ms. Blackwell's contention that defendant attempted to make her appear senile by hiding her keys and bus passes, rummaging through her desk, and/or falsely accusing her of having a special diet, dementia, or conversing with her deceased husband.
26. Ms. Blackwell applied for a permanent CSR position in April of

2001, but was not promoted due to her poor performance record.

27. Ms. Blackwell was not denied the opportunity to apply for a permanent CSR position in January of 2001.

II. CONCLUSIONS OF LAW

1. This action, alleging discrimination on the basis of age and retaliation, is governed by the Age Discrimination in Employment Act, 29 U.S.C.A. § 621 et seq.

2. This Court has original jurisdiction pursuant to 28 U.S.C.A. § 1331 and 29 U.S.C.A. § 626.

3. Under the ADEA it is unlawful for an employer to discharge an individual, or otherwise discriminate against an individual with respect to his compensation, terms, conditions, or privileges of employment because of the individual's age. 29 U.S.C.A. § 623(a).

4. Under the ADEA it is unlawful for an employer to discriminate against an individual because the individual has opposed age discrimination or made a charge, testified, assisted, or participated in an investigation under the ADEA. 29 U.S.C.A. § 623(d).

5. The ultimate issue on Ms. Blackwell's age discrimination claim is whether she has proven by a preponderance of the evidence that age was a determinative factor in defendant's employment decisions. Watson v. Southeastern Penn. Trans. Auth., 207 F.3d 207, 215 (3d Cir. 2000).

6. We find that Ms. Blackwell failed to prove by a preponderance of the evidence that her age was a determinative factor in her termination.

7. We also find that Ms. Blackwell failed to prove by a preponderance of the evidence that her age was a determinative factor in any of defendant's decisions regarding the terms, conditions, or privileges of her employment.

8. To establish a claim for retaliation, a plaintiff must show that: (1) she was engaged in protected activities; (2) the employer took an adverse employment action after or contemporaneous with the employee's protected activity; and (3) a causal link exists between the employee's protected activity and the employer's adverse action. Farrell v. Planters Lifesavers Company, 206 F.3d 271, 279 (3d Cir. 2000).

9. We find that Ms. Blackwell is unable to satisfy the second or third elements of a retaliation claim as the decision to terminate her had been made before the decisionmaker became aware that Ms. Blackwell had contacted the IRS's EEO Counselor and before Ms. Blackwell sent a letter complaining to management of alleged discriminatory treatment.

10. We find that even were plaintiff able to meet the temporal requirements of a retaliation claim, plaintiff failed to prove by a preponderance of the evidence, that her activities complaining of age discrimination played a role in defendant's decision to fire her. To the contrary, all evidence indicated

that, after repeated performance review and counseling, plaintiff was terminated due to poor performance.

Judgement shall be entered in favor of defendant on the ADEA claims asserted in Counts I and II of plaintiff's Complaint.

BY THE COURT:

_____, J.

cc:   All Counsel of Record